UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 08-166-EBA

PERRY KINGSLEY                                                                                           PLAINTIFF

V.                              **MEMORANDUM OPINION
                                 AND ORDER**

NATIONWIDE MUTUAL FIRE INS. CO.                                                    DEFENDANT

I. INTRODUCTION

This matter is before the undersigned by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1). [R. 11]. This matter is currently before the Court on the Defendant's Motion for Summary Judgment [R. 19] and Plaintiff's Motion to Set Aside Default [R. 27]. Having considered the matter, and for the reasons stated herein, the Defendant's Motion for Summary Judgment [R.19] is granted and the Plaintiff's Motion to Set Aside the Default [R. 27] is denied.

II. PROCEDURAL HISTORY

The present action was initiated by Plaintiff in the Floyd Circuit Court, via a complaint filed July 15, 2008. [R. 1, Attach. 2]. On August 11, 2008 Defendant filed an answer and a counterclaim against Plaintiff. [R. 1, Attach. 4 at 1]. The action was removed to the United States District Court for the Eastern District of Kentucky on August 20, 2008. [R. 1].

The parties submitted a report under Fed.R.Civ.P. 26(f), and the Court incorporated the deadlines into the Court's Scheduling Order entered on November 10, 2008. [R. 13]. The parties agreed to make all disclosures under Fed.R.Civ.P. 26(a)(1) on or before November 24, 2008 and to

1

complete all discovery by April 15, 2009. [R. 13 at 1 and 8]. A jury trial was scheduled to take place on September 28, 2009. [R. 13 at 11, 13, and 14].

After entry of the scheduling order, Plaintiff never answered the Defendant's discovery requests. Upon motion of the Defendants, to which Plaintiff did not respond, the Court deemed the requests admitted. [R. 16]. When the Plaintiff did not answer or respond to the counterclaim, the Defendant filed a Motion for Default Judgment, which was entered by the clerk on December 24, 2008. [Rs. 17-18]. Following the entry of Default against the Plaintiff, Defendant filed a Motion for Summary Judgment on the Plaintiff's complaint on January 27, 2009. [R. 19]. When the Plaintiff did not respond to this motion, the Court ordered Plaintiff to do so by March 3, 2009. [R. 21]. The Court granted the Plaintiff an extension of time to respond, and Plaintiff filed his Response on March 16, 2009. [R. 26]. On May 4, 2009, the Court held a status conference and took under advisement Defendant's Motion for Summary Judgment and Plaintiff's Motion to Set Aside the Default. Plaintiff was given until May 14, 2009 to file any supplemental briefs in support of his motion, but never filed anything with the Court. [R. 33].

### III. ANALYSIS

This matter is before the undersigned on the Plaintiff's Motion to Set Aside Default [R. 27]. and the Defendant's Motion for Summary Judgment [R. 19]. The first issue presented to the Court is whether the default entered against Plaintiff on the counterclaim should be set aside. The second issue presented to the Court is whether Summary Judgment should be entered for the Defendant on Plaintiff's contract claim against the Defendant. Plaintiff's Motion to set aside the default is denied and Defendant's Motion for Summary Judgment is granted.

A. Motion to Set Aside Default

Plaintiff was served a counterclaim on August 11, 2008. When no answer was filed, the clerk entered default against him on December 24, 2008 pursuant to Fed.R.Civ.P. 55(a). [R. 18]. On March 16, 2009, nearly three (3) months after entry of Default, Plaintiff filed a Motion to Set Aside the Default pursuant to Fed.R.Civ.P. 60(b)(1) and (2). [R. 27].

Fed.R.Civ.P. 60(b)(1) provides that on motion and just terms, a court may relieve a party or its legal representative from a final judgment, order or proceeding because of mistake, inadvertence, surprise, or excusable neglect. Plaintiff contends that due to his inadvertence and inability to provide his attorney with adequate information to formulate a defense, because such information was destroyed in the fire, the default was entered against him. Further, Plaintiff contends that at relevant times he was incarcerated or ill and not able to pursue his claims. In addition, Plaintiff claims that it was an excusable error and that the Defendant would not be prejudiced by allowing the Plaintiff to pursue his claim. [R. 27]. The Court held a status conference on May 4, 2009 at which point the Plaintiff stated that none of the problems that led to the Default against him were due to recent problems his lawyer was experiencing. [R. 35].

In opposition Defendant argues that (1) Plaintiff's counsel has received a complete copy of the insurance policy; (2) Plaintiff could obtain relevant documents relating to his home improvements through the contractors that he testified performed the work; (3) Plaintiff had a checking account through US Bank at the time of the fire and could obtain cancelled checks for items in his home that were lost in the fire; (4) Plaintiff has not provided the Defendant with any information pertaining to his alleged incarceration on the day of the fire or illnesses that have caused his inability to pursue his claim; and (5) that the Plaintiff's requested tax records could have easily

3

been obtained from his accountant. [R. 19].

Also, Defendant asserts it would be greatly prejudiced by a ruling setting aside the default in that it has already paid the Plaintiff ($2,500.00), his mortgage company ($102,620.03), and his bank ($31,087.81). The default entitles the Defendant to be reimbursed while a ruling setting aside the default would entitle the Plaintiff to the benefit of that money. [R. 19].

The Sixth Circuit has stated that a party seeking to vacate a default under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct**.** *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). The analysis of the culpability of the Plaintiff's conduct includes: (1) prejudice to the Defendant; (2) length of the delay and the impact on the proceedings; (3) reason for the delay; and (4) the moving party's good faith. Only when a party can satisfy the above burden set forth in Fed.R.Civ.P. 60(b)(1) is it necessary for the Court to look to whether Plaintiff has a meritorious defense and whether the Defendant would be greatly prejudiced by a ruling to set aside the default. *Waifersong, Ltd. V. Classic Music Vending.*, 976 F.2d 290, 292 (6th Cir. 1992).

According to the record, the entry of Default was due to the Plaintiff's neglect. Although Plaintiff asserted the destruction of certain documents pertaining to the lawsuit as the reason he is unable to formulate a defense, he has provided no evidence of an attempt to obtain these substitute documents. [R. 27]. In addition, Defendant has provided the Plaintiff with a complete copy of the insurance policy in Defendant's Rule 26(a)(1) disclosures. [R. 28, Attach. 1]. The Defendant stated with specificity how it will be prejudiced by vacating the default and provided the court with supporting claim check copies.[R. 28, Attach. 8].

The length and impact of delay on the parties is also significant in this matter. Plaintiff was

served with a counterclaim on August 11, 2008; a response was due by September 1, 2008, within twenty (20) days of being served. Fed.R.Civ.P. 12(a)(1)(B). Over four (4) months after the counterclaim was filed, the Defendant moved for the Default against the Plaintiff. The default was entered by the clerk on December 24, 2008, at which point the Plaintiff still had not filed an answer or any other pleading in the matter. [R. 18]. Furthermore, Plaintiff waited nearly three (3) months to ask the Court to set aside the entry of default. As stated above, the record reveals numerous instances of delay and failure to engage in this litigation.

Plaintiff also asserted Fed.R.Civ.P. 60(b)(2) in his Motion to Set Aside the Default, arguing that on motion and just terms, the court may relieve a party, or its legal representative, from a final judgment, order or proceeding when there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Although Plaintiff asserts this rule in his Motion to Set Aside the Default, he did not support this claim with any specific "new evidence" or reason why the rule would afford relief under the current procedural posture.

The Plaintiff has not met his initial burden and therefore the Court will not reach additional issues in this matter. Plaintiff's Motion to Set Aside the Default will be denied..

B. Motion for Summary Judgment

Defendant seeks Summary Judgment in this matter pursuant to Fed.R.Civ.P. 56(b) and (c) which read as follows:

> (b) By a Defending Party. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.
> (c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits

> before the hearing day. *The judgment sought should be rendered if the pleadings, the discovery and disclosures materials on file, and any affidavits show that there is not issue as to any material fact that the movant is entitled to judgment as a matter of law.*

Fed.R.Civ.P. 56 (emphasis added). The Defendant bears the initial burden of showing a basis for its motion and identifying the pleading, disclosures or affidavits to support its assertion of a lack of genuine issue of material fact. *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323 (1986).

Defendant points to the admissions on file as well as Plaintiff's answers in his discovery deposition testimony to support its assertion. On December 8, 2008 the undersigned deemed admitted Defendant's request for admissions from the Plaintiff pursuant to Fed.R.Civ.P. 36(a)(3) following Plaintiff's failure to respond to Defendant's Rule 26(a)(1) disclosures. [R. 16]. These admissions state in part that Plaintiff did not appear for his examination under oath, the terms in his insurance policy state that in order for an action to commence against the Defendant there must be full compliance with the policy provisions, and that Plaintiff did not comply with the policy provisions. [R. 19, Attach. 5]. Plaintiff was to submit to the Defendant "to the best of his knowledge" his signed sworn proof of loss. [R. 19, Attach. 4]. Plaintiff contends that the information pertaining to proof of losses were lost in the fire. However, the Plaintiff produced no substitute documents to support his claim of loss and did not appear for an examination under oath as required under his policy conditions, resulting in the admissions being admitted. [R. 16]. Also in the admissions are certain exclusions for which the Defendant will not be liable for loss. These exclusions include intentional acts whether concurrently or in any sequence to cause the loss. [R. 19]. The Plaintiff is deemed to have admitted that the fire occurred in the middle bedroom and was a result of igniting fuel that had been poured on the bed and floor around the bed in the middle room.

[R. 19]. At the status conference held at the court on May 4, 2009, Plaintiff orally moved to have the admissions set aside and asserted that motion would be followed by a written motion. [Transcript from status conference on 5/4/09, p. 6 lines 8-11]. Therefore, for the reasons set forth above, Plaintiffs Motion to set aside the admissions is denied.

After the initial burden on the moving party to show that in the record, viewed in a light most favorable to the non-moving party, there is no genuine issue of material fact for trial, the burden shifts to the nonmoving party to show that a genuine issue of material fact remains. *Osborn v. Ashland County Bd. Of Alcohol, Drug Addiction and Mental Health Services, et. al.*, 979 F.2d 1131, 1133 (6th Cir. 1992). Plaintiff has not produced any documentation, disclosure or affidavit in support of his case. Even if all doubts are resolved in favor of the Plaintiff, he has not presented a genuine issue of material fact throughout the discovery process. Therefore Summary Judgment for the Defendant is granted.

### IV. CONCLUSION

The Court being fully advised, and for the reasons stated above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) The Plaintiff/Counterclaimant's Motion to Set Aside the Default [R. 27] is DENIED.

(2) The Defendant/ Counterclaimant's Motion for Summary Judgment [R. 19] is GRANTED.

(3) The matter is STRICKEN from the Court's active docket.

Signed June 26, 2009.



Signed By:
*Edward B. Atkins*  EBA
**United States Magistrate Judge**